UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:22-CV-61602-LEIBOWITZ/REID

BLUE CHIP ALLIANCE, LLC,

    Plaintiff,

vs.

CHETU, INC.,

    Defendant.

_____/

## ORDER ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

This cause is before the Court on Plaintiff Blue Chip Alliance, LLC's ("Plaintiff" or "Blue Chip") Motion for Attorneys' Fees Related to Discovery Matters. [ECF No. 117]. The Motion was referred to the Undersigned by the Honorable David S. Leibowitz for appropriate resolution. [ECF No. 141]. The Court has reviewed the Motion, Defendant Chetu, Inc.'s ("Defendant" or "Chetu") Opposition [ECF No. 121][1], and Plaintiff's Reply [ECF No. 123]. For the reasons addressed below, it is **ORDERED** that Plaintiff's Motion for Attorneys' Fees Related to Discovery Matters [ECF No. 117] is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

This lawsuit arises out of a failed business relationship between Chetu, a software developer, and Blue Chip, an owner and operator of eleven barber shops in Washington and

---

[1] Defendant filed two Oppositions. The first, which appears to be a draft of the second, was timely filed on December 27, 2023. [ECF No. 120]. The second was untimely filed the following day. [ECF No. 121]. Defendant failed to move to strike the first opposition or, at a minimum, explain the circumstances surrounding its untimely filed second opposition. Because the delay in filing is minimal, the Court will address Defendant's arguments made in its latter-filed Opposition at ECF No. 121.

Montana. [ECF No. 86 at 3]. The facts underpinning this case have been recounted in the Court's prior orders and need not be duplicated here. The instant Motion was filed pursuant to the undersigned's October 23, 2023, order. [ECF No. 95 at 3]. The circumstances surrounding the discovery disputes will be addressed in detail below.

## LEGAL STANDARD

Under Rule 37(a), if a motion to compel is granted, or if the requested discovery is provided after such motion is filed, a court "*must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). However, "the court *must not* order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response or objection was substantially justified or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii) (emphasis added). If the motion is granted in part and denied in part, the Court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

"The burden of establishing substantial justification (or other exception) is on the losing party." *Procaps S.A. v. Patheon Inc.*, 12-24356-CIV, 2013 WL 6238647, at *5 (S.D. Fla. Dec. 3, 2013) (citing *Kramer Scientific Lab. Prods. Corp. v. Golf Med. Corp.,* No. 11–61610–CIV, 2011 WL 5914255, at *2 (S.D. Fla. Nov. 28, 2011) (Rosenbaum, J.) (internal citations omitted)). "Whether a party was substantially justified in resisting discovery is determined by 'an objective standard of reasonableness and does not require that the party have acted in good faith.'" *Underdog Trucking, L.L.C. v. Verizon Servs. Corp.,* 273 F.R.D. 372, 377 (S.D.N.Y. 2011) (internal citations

2

omitted). Substantial justification is present when "'reasonable people could differ as to the appropriateness of the contested action.'" *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) (quoting *Pierce v. Underwood,* 487 U.S. 552, 565 (1988)).

## DISCUSSION

I.  **Summary of Discovery Issues and the Parties Arguments**

On <u>April 7, 2023</u>, the undersigned held a discovery hearing regarding Chetu's deficient responses to Blue Chip's first set of discovery requests. [ECF No. 28]. The undersigned granted in part Blue Chip's motion for better answers. [ECF No. 36]. Blue Chip states it attempted to engage in a meet and confer process for months, citing Chetu's conferral certification filed as part of its Motion for Reconsideration, which refers to a conferral meeting regarding Blue Chip's discovery dispute. [ECF No. 117 at 6]. A conferral letter dated March 3, 2023 is also attached to the Motion. [ECF No. 117-2]. Chetu concedes a three-hour conferral occurred between the parties on April 3, 2023 and to receipt of the letter, but also argues that Blue Chip failed to meet and confer in good faith, in contravention of Rule 37(a)(5)(A)(i). [ECF No. 121 at 3].

On <u>July 6, 2023</u>, the undersigned held a second discovery hearing regarding Chetu's deficient document production, scheduling of depositions, and entry of a stipulated protective order. [ECF No. 48]. Blue Chip's counsel contacted Chetu's counsel on May 25, 2023 in an effort to meet and confer. [ECF No. 117 at 9]. Blue Chip alleges Chetu "did not even bother to provide any substantive response despite five separate follow-up emails." [*Id.*, citing correspondence at ECF No. 117-5]. On June 9, 2023, Blue Chip contacted chambers requesting a hearing. [ECF No. 117 at 9]. A day before the hearing, however, Chetu unilaterally scheduled a Zoom meeting to confer on the issues. [*Id.*, citing ECF No. 117-7]. Blue Chip did not attend the meeting. Then, at the hearing, the undersigned directed the parties to engage in a meet and conferral that same day.

3

Despite Blue Chip's documentary evidence supporting its attempt to confer, Chetu again argues that fees are not warranted because "the first prong for awarding fees under Rule 37 was not met.. . ." [ECF No. 121 at 5].

On July 21, 2023, following receipt of an e-mail from counsel, the undersigned authorized Blue Chip to file a motion to compel responses to written discovery requests, some of which included materials related to the April 7, 2023 discovery hearing. [ECF No. 58 at 4]. The request followed the July 6, 2023 conferral, which resulted in a request for an extension of time for Chetu to produce responsive documents. [ECF No. 117 at 10, citing ECF No. 107-8]. A short extension was granted, but Chetu produced only a fraction of the requested documents.[2] [ECF Nos. 117 at 10; 121 at 5]. On September 6, 2023, the undersigned granted the motion to compel, ordering Chetu to produce software code and responses to ten requests for production within seven days. [ECF No. 62]. The Court also granted Blue Chip leave to file a motion seeking attorneys' fees related to the discovery dispute. [*Id.* at 3].

On September 20, 2023, the undersigned held a third discovery hearing regarding Chetu's objections to Blue Chip's third set of requests for production. [ECF Nos. 71, 74]. The Court entered an order compelling production on some, but not all, of Blue Chip's requests. [ECF No. 76]. The hearing followed a September 7, 2023, conferral between the parties. [ECF No. 117-11].

On October 19, 2023, the undersigned held a fourth discovery hearing regarding Chetu's objections to Blue Chip's document requests. [ECF No. 93]. The order that followed authorized Blue Chip to file a motion seeking attorneys' fees and costs. [ECF No. 95 at 3]. The hearing resulted after the undersigned received two e-mails from Blue Chip's counsel discussing Chetu's

---

[2] Chetu complains that it was given only a five-day extension rather than its requested 10-day extension. [ECF No. 121 at 5].

4

disobedience of the Court's prior orders and non-responsiveness by Chetu's counsel. [ECF No. 117-12]. Chetu argues the hearing was requested before a good faith attempt to confer. [ECF No. 121 at 8]. However, the parties conferred on October 1, 2023, before the undersigned set a hearing on the disputed issues. [ECF No. 121 at 7]. Blue Chip notes in its Reply that it made four attempts to meet and confer. [ECF No. 123 at 10].

## II.     **Attorneys' Fees Are Warranted**

As an initial matter, the Court's October 23, 2023, order needs clarification. [ECF No. 95]. The order states that "Plaintiff may file a Motion for Fees/Costs concerning all docket entries related to discovery disputes, good faith conferences, motions, filings, submissions and/or hearings concerning *such* discovery disputes." [ECF No. 95 at 3 (emphasis added)]. The undersigned did not intend to grant Plaintiff leave to seek fees and costs for *all* discovery disputes in this case. Instead, Plaintiff was authorized to file a motion seeking attorneys' fees for the discovery disputes discussed in the October 23, 2023, order. Similarly, Plaintiff was authorized to seek attorneys' fees related to the September 6, 2023, discovery order. [ECF No. 62]. In sum, Plaintiff was authorized to file a motion seeking attorneys' fees and costs regarding the discovery disputes related to the September 6, 2023, and October 23, 2023, discovery orders.

The undersigned finds that attorneys' fees and costs are warranted. Rule 37(a) provides both a mandatory and permissive mechanism for awarding fees. *See* Fed. R. Civ. P. 37(a)(5)(A) and (C). In the instances where the Court granted Plaintiff's motions to compel in full, attorneys' fees are mandatory. None of the exceptions to the rule apply. First, Plaintiff engaged in good faith conferrals with Defendant at multiple stages of this litigation. These conferrals (or at times, attempts to confer) are irrefutable, as evidenced by Plaintiff's correspondence to the Court and exhibits to its Motion. [ECF Nos. 117-2–117-3; 117-5–117-12]. Second, Motions to compel—

whether *ore tenus* at a discovery hearing or by paper filing—were presented for the Court's consideration. [ECF Nos. 58, 92]. The undersigned ruled in favor of Plaintiff. [ECF Nos. 62, 95]. Defendant failed to carry its burden of explaining why its "nondisclosure, response[s], or objection[s]" to Plaintiff's motions to compel were "substantially justified[,]" or point to any "other circumstances" that would "make an award of expenses unjust" pursuant to Rule 37(a)(5)(A)(ii)–(iii). *Jean v. One W. Bank, N.A.*, 14-62846-CIV, 2015 WL 13777043, at *2 (S.D. Fla. July 16, 2015) (granting attorneys' fees because "none of the exceptions [to Rule 37(a)(5)(A)] applies, and the imposition of sanctions is made mandatory by the text of the rule."); *Procaps S.A.*, 2013 WL 6238647, at *5 (analyzing the parties' arguments regarding justification for nondisclosure by discussing individual interrogatories). Therefore, Plaintiff is entitled to reasonable expenses, including attorneys' fees, for Defendant's violation of Fed. R. Civ. P. 37(a)(5)(A).

## III. Attorneys' Fees Standard

Under the "lodestar" method, a reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1994)). Under certain circumstances, the lodestar may be adjusted to reach a more appropriate attorneys' fee. *See Blum*, 465 U.S. at 888.

Plaintiff's counsel properly submitted detailed time entries for the attorneys and paralegal. [*See* ECF Nos. 117-13–117-14]. Detailed affidavits of Plaintiff's attorneys' qualifications were also submitted. [*See* ECF Nos. 117-13–117-14]. However, because the parties misinterpreted the undersigned's October 23, 2023, order, Plaintiff shall file an Amended Motion for Attorneys' Fees, attaching updated affidavits and calculation of attorneys' fees and costs.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Plaintiff Blue Chip Alliance, LLC's Motion for Attorneys' Fees Related to Discovery Matters [ECF No. 117] is **GRANTED IN PART** and **DENIED IN PART** as follows:

Plaintiff is entitled to attorneys' fees and costs. Plaintiff shall file its Amended Motion for Attorneys' Fees and Costs—discussing *only* the fees and costs associated with the discovery disputes addressed in the undersigned's September 6, 2023 and October 23, 2023, discovery orders—by **August 22, 2024**. Defendant may file a response by **September 5, 2024**. Plaintiff may file a reply by **September 12, 2024**.

**SIGNED** this 8th day of August 2024.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:   **U.S. District Judge David S. Leibowitz; and**

   **All Counsel of Record**