# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 0:22-cv-61602-LEIBOWITZ/REID

**BLUE CHIP ALLIANCE, LLC**,

     *Plaintiff*,

*v.*

**CHETU, INC.,**

     *Defendant.*

_____/

### ORDER ADOPTING MAGISTRATE'S
### REPORT AND RECOMMENDATION

THIS MATTER was referred to United States Magistrate Judge Lisette M. Reid for a Report and Recommendation on Defendant Chetu, Inc.'s ("Defendant" or "Chetu") Motion for Summary Judgment ("Chetu's Motion") [ECF No. 101] and Plaintiff Blue Chip Alliance, LLC's ("Plaintiff" or "Blue Chip") Motion for Summary Judgment ("Blue Chip's Motion") [ECF No. 103]. [ECF No. 148]. Judge Reid has issued her Report and Recommendation (the "R&R"), recommending that the Court grant in part and deny in part Chetu's Motion [ECF No. 101] and Blue Chip's Motion [ECF No. 103]. [ECF No. 169]. Chetu and Blue Chip submitted objections to the R&R, and both parties submitted Responses to the other party's objections. [ECF Nos. 173, 175, 180, 181]. The Court notes that Chetu submitted two Responses [ECF Nos. 179, 180] to Blue Chip's objections, so the Court considers the last submission [ECF No. 180] to be the intended filing. After careful review of the filings, the applicable law, and the record, the Court adopts the R&R [ECF No. 169] in its entirety and writes below to expand upon its reasoning and clarify the relief granted and denied.

## LEGAL STANDARDS

**Adoption of a Report and Recommendation:** "In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (cleaned up). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J.R. 4(b). Once a district court receives "objections meeting the specificity requirement set out above," it must "make a *de novo* determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort*, 208 F. App'x at 783–84 (cleaned up). To the extent a party fails to object to parts of the magistrate judge's report, those portions are reviewed for clear error. *Id.* at 784 (cleaned up). The Court has reviewed *de novo* Chetu and Blue Chip's objections to the R&R and, for the reasons stated below, the Court finds the resolution of the issues as recommended by Judge Reid to be sound and well-reasoned. The Court therefore adopts the R&R in its entirety and incorporates its findings herein.

**Summary Judgment:** A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment "bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Those materials may include, "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). "Only when that burden has been met does the burden shift to the non-moving

party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark*, 929 F.2d at 608.

If the moving party meets its burden, the non-moving party is then required "to go beyond the pleadings" and present competent evidence "showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (internal quotations omitted). Generally, "[t]he mere existence of a scintilla of evidence" supporting the non-movant's case is insufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). If, in response, the non-moving party does not sufficiently support an essential element of his case as to which he bears the burden of proof, summary judgment is appropriate. *Rice-Lamar v. City of Ft. Lauderdale, Fla.*, 232 F.3d 836, 840 (11th Cir. 2000). A fact is "material" for these purposes if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. A dispute of fact is "genuine" if, "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 242. "In determining whether genuine issues of material fact exist, [the reviewing court] resolve[s] all ambiguities and draw[s] all justifiable inferences in favor of the non-moving party." *Rice-Lamar*, 232 F.3d at 840 (citing *Anderson*, 477 U.S. at 255). However, when the record "taken as a whole" could not support a reasonable finding for the non-movant, there is no "genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Relatedly, and importantly in this case, Rule 56 and the Local Rules of the Southern District of Florida set forth important requirements for parties to provide evidentiary support for assertions, controverting evidence to dispute assertions, and responses to an opponent's additional facts—with consequences for failing to do so. *See* Fed. R. Civ. P. 56(c), (e); S.D. Fla. L.R. 56.1(c)-(d) (explaining effects and consequences of failing to support or controvert material facts).

3

## DISCUSSION

The Court has reviewed *de novo* Chetu and Blue Chip's objections to the R&R and will overrule both parties' objections; however, the Court will expand on its reasoning for overruling the objections.

### 1. Chetu's Objections

Chetu's first three objections are as follows: (1) Chetu provided Blue Chip notice of termination for its default in failing to pay May 2022 invoices and was not required to provide another notice for continued default by failure to pay June 2022 invoices; (2) Blue Chip was already in prior material breach of the contract for its failure to pay May 2022 invoices; and (3) even if Chetu did not provide two-weeks' notice, Blue Chip waived Chetu's obligation and agreed to terminate immediately. [ECF No. 173 at 2–9]. None of these arguments were raised by Chetu at the time of summary judgment motions and therefore will not be considered for the first time in an objection to the R&R. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding that a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge). The Eleventh Circuit has stated that "[r]equiring the district court to consider new arguments raised in the objections effectively would eliminate efficiencies gained through the Magistrates Act and would unfairly benefit litigants who could change their tactics after issuance of the magistrate judge's report and recommendation." *Id.* at 1291. Similarly, in support of its first and third objection, Chetu cited two emails that were not previously in the summary judgment record. [ECF No. 173 at 3, 9]. The Court will not consider evidence that was not previously presented to the magistrate judge. *See Lodge v. Kondaur Capital Corp.*, 750 F.3d 1263, 1274 (11th Cir. 2014) (holding that a district court does not abuse its discretion by declining to consider evidence never mentioned before or presented to the magistrate judge). Therefore, the Court overrules Chetu's first three objections to the R&R.

Chetu's fourth objection is that termination with or without two weeks' notice is not a material breach of the contract, but rather only a technical or minor breach.  [ECF No. 173 at 9].  Chetu made the same argument in its Summary Judgment Opposition, which Magistrate Judge Reid already considered, so Chetu may not reargue it in its objections.  *See Marlite, Inc. v. Eckenrod*, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2021) ("It is improper for an objecting party to … submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge.  Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.") (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).  Therefore, the Court overrules Chetu's fourth objection to the R&R.

Chetu's fifth objection is that the R&R erred in its calculation of damages following Chetu's alleged breach of contract.  [ECF No. 173 at 11].  Chetu argues for the first time in its objections that "damages from a given breach must have been foreseeable at the time of contracting."  [*Id.* at 12].  Again, the Court will not consider arguments that were not raised by Chetu at the time the summary judgment motions were submitted and raised for the first time in an objection to the R&R.  *Williams*, 557 F.3d at 1292 (holding that a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge).  Thus, the Court overrules Chetu's fifth objection to the R&R.

Chetu's final objection is that summary judgment, in part, should be entered in favor of Chetu that no punitive damages are recoverable.  [ECF No. 173 at 14].  "In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection."  *Macort*, 208 F. App'x at 783 (cleaned up).  The objections must also present "supporting legal authority."  S.D. Fla. L. Mag. J.R. 4(b).  Chetu's objection is not

specific and fails to provide any supporting legal authority. *See Green v. McNeil*, 2010 WL 3833967, at *1 (S.D. Fla. Sept. 30, 2010) (rejecting "one-paragraph blanket objection to the R & R that fails to identify a specific erroneous factual finding or legal conclusion and does not comply with Local Magistrate Judge Rule 4(b)'s requirement[s]"). Therefore, the Court also overrules this objection.

### 2.   Blue Chip's Objections

In Section A of its objections, Blue Chip argues that Magistrate Judge Reid erred by failing to address the post-contractual fraudulent statements by Chetu to induce Blue Chip into continuing to pay for Phase I from March 2021 – May 2021, and that summary judgment therefore is warranted on this issue.  [ECF No. 175 at 3–4].  However, Blue Chip's argument in its Motion for Summary Judgment regarding post-contractual fraudulent statements is relegated to a footnote.  [*See* ECF No. 103 at 9 n.5].  The Eleventh Circuit "do[es] not ordinarily consider arguments raised in passing in one footnote rather than the body of the brief."  *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, 942 F.3d 1200, 1209 n.5 (11th Cir. 2019).  Therefore, even if Magistrate Judge Reid did not fully consider this argument in the R&R as Blue Chip suggests, Magistrate Judge Reid did not err since the Court was not required to consider an argument that was briefed in a footnote rather than in the body of the Motion for Summary Judgment.

Blue Chip also argues in Section A that Magistrate Judge Reid erred in failing to enter summary judgment for Blue Chip on the fraudulent statements Chetu made concerning the alleged technical impossibility of integrating Blue Chip's existing POS with the Netspend and Paychex APIs as required in Phase I.  [ECF No. 175 at 6].  In support of this objection, Blue Chip argues that Magistrate Judge Reid misapprehended the factual record in concluding that there are disputed issues of material fact. [*Id.*].  The Court disagrees.  Upon review of the factual record, the Court reaches the same conclusion as Her Honor.  Blue Chip's objection is overruled.

In Section B of its objections, Blue Chip argues that Magistrate Judge Reid erred in failing to enter summary judgment on Blue Chip's FDUPTA claim pled in Count IV related to the SLAPP provisions of Chetu's contract. [*Id.* at 12]. Blue Chip argues that Magistrate Judge Reid's "ruling is predicated upon an incorrect application concerning the law of the case doctrine." [*Id.*]. Even if the "law of the case doctrine" does not technically apply to what is at issue here,[1] however, Magistrate Judge Reid's conclusion was correct. As she stated in the R&R, Judge Smith previously dismissed the SLAPP provision part of the FDUPTA claim *without granting leave to replead it.* [ECF No. 169 at 28–29]. Whether one calls that decision "law of the case" or not, it was improper for Blue Chip to revive this portion of the FDUPTA claim, as it was previously dismissed by this Court. Therefore, Magistrate Judge Reid again did not err in her decision to deny summary judgment on this issue, and Blue Chip's objection is overruled.

In Section C of its objections, Blue Chip argues that Magistrate Judge Reid erred in failing to enter summary judgment on Blue Chip's FDUPTA claims pled in Count IV related to Chetu's "unscrupulous conduct" and "deceptive statements directed to Blue Chip from March 2021 until June 2021." [ECF No. 175 at 17 (alterations added)]. In support of this objection, Blue Chip argues that Magistrate Judge Reid failed to apply uncontroverted statements in the record in conducting her analysis. [*Id.* at 18]. Once again, the Court disagrees with Blue Chip; Magistrate Judge Reid's analysis and conclusion is correct. There are questions of fact remaining that require the denial of summary judgment. Thus, Blue Chip's objection is overruled.

In Section D of its objections, Blue Chip argues that Magistrate Judge Reid erred in failing to reject Chetu's use of unauthenticated hearsay documents in support of its Motion for Summary

---

[1]      *See Emergency Recovery, Inc. v. Hufnagle*, 77 F.4th 1317, 1327 n.2 (11th Cir. 2023) ("More importantly perhaps, the law of the case doctrine applies to courts of appeals decisions, not to district court decisions, and it does not concern itself with what is or isn't in a brief.")

Judgment.  [ECF No. 175 at 19].  In its Opposition to Chetu's Motion for Summary Judgment [ECF No. 109], Blue Chip already argued that the Court should exclude these documents for purposes of summary judgment.  [ECF No. 109 at 18–19].  Magistrate Judge Reid reviewed Blue Chip's papers in considering the Motions for Summary Judgment, so it is not proper for Blue Chip to reargue its position on excluding these documents.  *See Marlite*, 2012 WL 3614212, at *2 ("It is improper for an objecting party to … submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.") (quoting *Camardo*, 806 F. Supp. at 382).  However, even if that was not the case, "a court may consider unauthenticated evidence on a motion for summary judgment … where it finds that those records could be reduced to admissible evidence at trial."  *Martin v. Allied Interstate, LLC*, 192 F. Supp. 3d 1296, 1302 (S.D. Fla. 2016) (internal citations and quotations omitted).  Therefore, notwithstanding the fact that Blue Chip already made this argument in its papers, the Court does not find that Magistrate Judge Reid erred in her analysis, and the objection is overruled.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED as follows:**

1. Magistrate Judge Reid's Report and Recommendation [**ECF No. 169**] is **AFFIRMED AND ADOPTED in its entirety**.  The Court clarifies the relief granted and denied for each Count of Blue Chip's Second Amended Complaint and Chetu's Counterclaim, as stated below.

2. All of Chetu's Objections to the R&R [**ECF No. 173**] are **OVERRULED**.

3. All of Blue Chip's Objections to the R&R [**ECF No. 175**] are **OVERRULED**.

4. Chetu's Motion for Summary Judgment [**ECF No. 101**] and Blue Chip's Motion for Summary Judgment [**ECF No. 103**] are each **GRANTED IN PART and DENIED IN PART** as follows:

- Count I – Request for Declaratory Judgment:
  - ❖ Chetu's Motion for Summary Judgment [ECF No. 101] on **Count I** of Blue Chip's Second Amended Complaint is **DENIED**.

- Count II – Breach of Contract Claim:
  - ❖ Chetu's Motion for Summary Judgment [ECF No. 101] on **Count II** of Blue Chip's Second Amended Complaint is **DENIED**.
  - ❖ Blue Chip's Motion for Summary Judgment [ECF No. 103] on **Count II** of Blue Chip's Second Amended Complaint is **GRANTED** on the theory that the contract's termination clause was breached. Blue Chip is entitled to damages in the amount of **$156,000.00** for Chetu's breach.

- Count III – Fraud in the Inducement Claim:
  - ❖ Chetu's Motion for Summary Judgment [ECF No. 101] on **Count III** of Blue Chip's Second Amended Complaint is **DENIED**.
  - ❖ Blue Chip's Motion for Summary Judgment [ECF No. 103] on **Count III** of Blue Chip's Second Amended Complaint is **DENIED**.

- Count IV – FDUTPA Claim:
  - ❖ Chetu's Motion for Summary Judgment [ECF No. 101] on **Count IV** of Blue Chip's Second Amended Complaint is **GRANTED** on Blue Chip's theory that Chetu falsely represented that it dedicates an entire team of qualified professionals to each project; and **DENIED** on the theory that Chetu aggressively enforces the SLAPP Clause. Alternatively, for the

reasons stated in the R&R and this Order, the SLAPP Clause enforcement theory was previously dismissed by the Court without leave to refile.

❖ Blue Chip's Motion for Summary Judgment [ECF No. 103] on **Count IV** of Blue Chip's Second Amended Complaint is **DENIED**.  However, for the reasons stated in the R&R and this Order, Blue Chip's theory that Chetu aggressively enforces the SLAPP Clause was previously dismissed by the Court without leave to refile.

- Chetu's Counterclaim – Breach of Contract:

  ❖ Chetu's Motion for Summary Judgment [ECF No. 101] on **Count I** of Chetu's Counterclaim is **DENIED**.  However, for the reasons stated in the R&R and this Order, Chetu abandoned this counterclaim by failing to reallege it in its Answer and Affirmative Defenses to the Second Amended Complaint.

**DONE AND ORDERED** in the Southern District of Florida on September 20, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:      counsel of record