UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:22-cv-61602-LEIBOWITZ/REID

**BLUE CHIP ALLIANCE, LLC**,

    *Plaintiff*,

v.

**CHETU, INC.**,

    *Defendant*.

_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant's Motion for Leave to File Amended Answer to Re-Allege Counterclaim [ECF No. 190] (the "Motion"), filed on September 26, 2024. Defendant seeks leave to amend its Answer to re-allege its counterclaim that was deemed abandoned by United States Magistrate Judge Lisette M. Reid in her Report and Recommendation on the Cross-Motions for Summary Judgment (the "R&R") [ECF No. 169]. [ECF No. 190 at 1]. The Court has reviewed the Motion, the record, and is otherwise fully advised. For the reasons set forth below, the Motion is DENIED.

Leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "'In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be freely given.'" *Diesel "Repower", Inc. v. Islander Investments Ltd.*, 271 F.3d 1318, 1321 (11th Cir. 2001) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "However, leave to amend is by no means automatic. The decision to

grant or to deny leave to amend is within the discretion of the trial court." *Layfield v. Bill Heard Chevrolet Co.*, 607 F.2d 1097, 1099 (5th Cir. 1979).[1]  The Court has the inherent authority to control its own docket by entering orders setting the course of conduct for the proceedings in trial. *See Shell Oil Co. v. Altina Associates, Inc.*, 866 F. Supp. 536, 540 (M.D. Fla. 1994).  Accordingly, a party "seeking leave to amend … after the deadline designated in a scheduling order must demonstrate 'good cause' under Fed. R. Civ. P. 16(b)." *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009). "[E]ven if the opposing party would not be prejudiced by the modification of a scheduling order, good cause is not shown if the amendment could have been timely made." *Donahay v. Palm Beach Tours & Transp., Inc.*, 243 F.R.D. 697, 699 (S.D. Fla. 2007) (citation omitted).  In this regard, a court's "evaluation of good cause [under Rule 16] is more stringent than its inquiry into the propriety of amendment under the more liberal Rule 15." *Id.* (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998)).  Moreover, a plaintiff "must establish good cause for their delay in seeking to amend the pleadings after the Court's deadline for amendment before the Court may consider whether to grant leave to amend under Rule 15." *Remington v. Newbridge Sec. Corp.*, 2014 WL 505153, at *12 (S.D. Fla. Feb. 7, 2014).

The deadline for Defendant to amend the pleadings was *December 23, 2022*.  [ECF No. 14 at 1].  Defendant filed this Motion on *September 26, 2024*.  [ECF No. 190].  Despite the untimeliness of its request 643 days after the deadline, 338 days after filing its Answer, and 49 days after Magistrate Judge Reid noted this issue in the R&R, Defendant argues that it should be permitted to amend its Answer because the essential allegations of the counterclaim have been known from the outset and litigated throughout the case, thereby diminishing any claimed prejudice.  [*See* ECF No. 191 at 1–2, ECF No. 190 at 5].  This assertion, even if true, does not come close to warranting leave to amend at

---

[1]   In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the court adopted as binding precedent all decisions of the Fifth Circuit issued prior to October 1, 1981.

this late date. Defendant fails to make any credible argument to establish good cause for its delay in seeking to amend its Answer.

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion for Leave to File Amended Answer to Re-Allege Counterclaim [**ECF No. 190**] is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on October 21, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:   counsel of record