UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:22-cv-61602-LEIBOWITZ/REID

**BLUE CHIP ALLIANCE, LLC**,

　　*Plaintiff,*

v.

**CHETU, INC.**,

　　*Defendant.*
_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiff's Renewed Motion for Judicial Notice (the "Motion") [ECF No. 193], filed on October 7, 2024.  The deadline to file a response to the Motion was due on October 21, 2024, but Defendant failed to file a response.  Plaintiff submitted a Reply in Support of its Motion on October 28, 2024.  [ECF No. 211].  The Court, having considered the Motion and being fully advised, will grant the Motion.

　　Rule 7.1(c)(1) of the Local Rules for the United States District Court of the Southern District of Florida requires that "each party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion.  Failure to do so may be deemed sufficient cause for granting the motion by default."  In this case, the time for filing a response to the Motion has passed, and Defendant has not served a response.  Thus, the Court finds that Defendant's failure to respond should be deemed sufficient cause for granting the Motion by default pursuant to S.D. Fla. L.R. 7.1(c)(1).  *See Kessler v. City of Key West*, 2024 WL 1285530, at *4 (S.D. Fla. Aug. 10, 2023); *Sauve v. Lamberti*, 247 F.R.D. 703, 704 (S.D. Fla. 2008).

Alternatively, the Motion is granted on the merits. Plaintiff asks the Court to take judicial notice of Plaintiff's Trial Exhibit No. 146 and the specific court records disclosed in Plaintiff's Trial Exhibits Nos. 148-197. The Court notes that Defendant stipulated to Plaintiff's request for judicial notice as to Plaintiff's Trial Exhibits Nos. 148, 150, 152, 154, 156, 158, 160, 162, 166, 168, 170, 172, 174, 176, 178, 180, 182, 184, 186, 188, 190, 192, 194, and 196, containing the dockets for the related state court cases involving Defendant and other consumers making the same and/or exceedingly similar allegations against Defendant. [ECF No. 193 at 6].

Plaintiff asks this Court to take judicial notice of state court records of lawsuits filed in the County Court or Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida. These records involve Defendant and its customers and concern nearly identical claims and allegations of Defendant's false/fraudulent statements and actions and Defendant's failures to perform as contractually promised. [*See id.*]. Plaintiff argues that the filings in these state court cases are relevant to show Defendant's pattern and practice of fleecing its customers, which goes directly to establish prior bad acts in conformity with showing Defendant's motive and intent, overall business plan of cheating customers, and an absence of mistake in the steps taken by Defendant to string Plaintiff along for sixteen months while being paid over $150,000 and providing nothing of value. [*See id.* at 2]. Plaintiff argues that this evidence is not only relevant to Plaintiff's claims of fraud and violations of FDUPTA but also provides direct evidence of Defendant's habitual reckless disregard for the rights of its customers, including Blue Chip, which is also relevant to establishing punitive damages. [*Id.*]. Plaintiff notes that it does not offer these filings for truth of the matter asserted by either Defendant or the consumer litigants but rather to establish the subject matter of the cases and to establish that such litigation against Defendant is commonplace given its habitual unscrupulous business practices. [*Id.* at 13].

2

Rule 201(b) of the Federal Rules of Evidence allows a court to take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). This includes "public records within its files relating to the particular case before it or other related cases." *Cash Inn of Dade, Inc. v. Metro. Dade Cty.*, 938 F.2d 1239, 1243 (11th Cir. 1991). Additionally, the Court may take judicial notice of documents filed in another court, not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings. *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994). Pursuant to Rule 201(c)(2), the Court "must take judicial notice if a party requests it and the court is supplied with the necessary information."

The Court finds that the motion is due to be granted. The Court will take judicial notice of Plaintiff's Trial Exhibits Nos. 146 and 148-197, not for the truth of any of the matters asserted in the proceedings, but rather to establish the fact of such litigation, and the specified filings in the suits. The weight, if any, to be given to these exhibits will be determined by the Court at the bench trial.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Motion [**ECF No. 193**] is **GRANTED**.

**DONE AND ORDERED** in the Southern District of Florida on November 20, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:     counsel of record