UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:22-CV-61602-LEIBOWITZ/REID

BLUE CHIP ALLIANCE, LLC,

      Plaintiff,

vs.

CHETU, INC.,

      Defendant.

_____

### ORDER ON PLAINTIFF'S AMENDED OMNIBUS MOTION
### FOR ATTORNEYS' FEES RELATED TO DISCOVERY MATTERS

This cause is before the Court on Plaintiff Blue Chip Alliance, LLC's ("Plaintiff" or "Blue Chip") Amended Omnibus Motion for Attorneys' Fees Related to Discovery Matters. [ECF No. 174]. The Motion was referred to the Undersigned by the Honorable David S. Leibowitz for appropriate resolution. [ECF No. 168]. The Court has reviewed the Motion, Defendant Chetu, Inc.'s ("Defendant" or "Chetu") Opposition [ECF No. 178], and Plaintiff's Reply [ECF No. 184]. For the reasons addressed below, it is **ORDERED** that Plaintiff's Amended Omnibus Motion for Attorneys' Fees Related to Discovery Matters [ECF No. 174] is **GRANTED IN PART** and **DENIED IN PART**.[1]

### BACKGROUND

_____

[1] "Under 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Rules of Civil Procedure, [a Magistrate Judge has] the authority to enter a final order on [a] Motion for Attorneys' Fees and Costs because it is not case-dispositive." *CityPlace Retail, L.L.C. v. Wells Fargo Bank, N.A.*, No. 18-81689, 2021 WL 3361172, at *1 n.1 (S.D. Fla. Jan. 12, 2021) (citing *Collar v. Abalux, Inc.*, No. 16-20872, 2018 WL 3328682, at *13-14 (S.D. Fla. July 5, 2018)).

This lawsuit arises out of a failed business relationship between Chetu, a software developer, and Blue Chip, an owner and operator of eleven barber shops in Washington and Montana. [ECF No. 86 at 3]. The facts underpinning this case have been recounted in the Court's prior orders and need not be duplicated here. On August 8, 2024, the undersigned found that attorneys' fees are warranted due to Defendant's discovery violations. [ECF No. 170]. Further, the Court ordered that Plaintiff re-file its Motion for Attorney's Fees, discussing only the fees and costs associated with the discovery disputes addressed in the Court's September 6, 2023 [ECF No. 62], and October 23, 2023 [ECF No. 95], discovery orders.

## LEGAL STANDARD

In determining attorneys' fees, courts look to the reasonableness of (1) the hourly rate and (2) the number of hours expended. Under the "lodestar" method, a reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1994)). Under certain circumstances, the lodestar may be adjusted to reach a more appropriate attorneys' fee. *See Blum*, 465 U.S. at 888.

### A. Reasonable Hourly Rate

A reasonable hourly rate is to be measured by "prevailing market rates in the relevant community." *Id.* at 895. In determining this, the Court should consider the rate "for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum*, 465 U.S. at 895–96 n.11).

To determine reasonable hourly rates, a court may consider certain factors, including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency,

the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (citing factors articulated in *Johnson v. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)). "In the end, however, the Court remains an expert on the issue of attorneys' fees and may consider its own knowledge and experience concerning reasonable and proper fees." *Warren Tech., Inc. v. UL LLC*, No. 18-21019-CV, 2020 WL 9219127, at *7 (S.D. Fla. Dec. 17, 2020), *report and recommendation adopted in part*, No. 1:18-CV-21019-UU/LMR, 2021 WL 911238 (S.D. Fla. Mar. 10, 2021), *aff'd*, No. 21-11168, 2021 WL 4940833 (11th Cir. Oct. 22, 2021) (quoting *Norman*, 836 F.2d at 1303) (internal citations and quotations omitted).

Importantly, the trial court "need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection." *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1301–02 (S.D. Fla. 2015) (citing *Fox v. Vice*, 563 U.S. 826, 838 (2011)). As such, "trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.*

**B. Reasonable Number of Hours Expended**

The Court must also evaluate Plaintiff's requested fees for reasonableness in terms of the total hours expended by counsel and paralegals. *See Norman*, 836 F.2d at 1303. The burden rests on the plaintiff to submit a request for fees that will enable the court to determine what time was reasonably expended. *See Loranger v. Stierheim*, 10 F.3d 776, 782 (11th Cir. 1994). "Attorneys who anticipate making a fee application must maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney." *Wales-Walden v. Ak "N" Eli, LLC*, No. 17-20658-CIV, 2018 WL 6812692, at *3 (S.D. Fla. Oct. 12, 2018), *report and recommendation adopted sub nom. Wales-Walden v. Ak N Eli, LLC,* No. 1:17-

CV-20658-UU, 2018 WL 6807316 (S.D. Fla. Oct. 29, 2018) (quoting *Nat'l Ass'n. of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982)).

When ascertaining the number of reasonable hours, a court must deduct "excessive, redundant or otherwise unnecessary hours" from those claimed. *See Norman*, 836 F.2d at 1303. The Court can either evaluate counsel's time records by applying an hour-by-hour analysis or can make an across-the-board cut. *See Bivins v. Wrap it Up, Inc.,* 548 F.3d 1348, 1350 (11th Cir. 2008). "Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount in awarded." *ACLU*, 168 F.3d at 428.

## DISCUSSION

The Court has already determined that attorneys' fees and costs are warranted. [*See* ECF No. 170]. Therefore, the Court will analyze the reasonableness of Plaintiff's requested fees of $28,675.00 and costs of $572.14.

### I. ATTORNEYS' FEES

#### A. The Hourly Rates Are Reasonable

The Court must first evaluate Plaintiff's attorney's requested hourly rate. Attorney William Cassidy, a partner at his firm, has been a member of the Florida bar since 2000 and has extensive trial and appellate experience, having worked at several prominent firms. [ECF No. 174 at 5]. Attorney Aaron McKown, also a partner at his firm, is admitted to practice law in California, Texas, and Florida. [*Id.* at 6]. He, too, has extensive experience and focuses his practice on intellectual property and commercial litigation. [*Id.*]. Both Mr. Cassidy and Mr. McKown's standard hourly rates were reduced from $625.00 to $500.00. [*Id.* at 6, 7]. Sylvia Li, who handled associate and paralegal tasks in this case, received her LLM in 2017 from the University of Illinois

4

College of Law and has been licensed to practice in California and New York since 2020. [*Id.* n. 3]. Her standard hourly rate was reduced from $300.00 to $250.00. [*Id.*].

Plaintiff provides case law in support of its request that the Court find that its fees are reasonable. [ECF No. 174 at 7–8]. Defendant, on the other hand, relies exclusively on a typographical error in Plaintiff's fee breakdown to contest the hourly rate of Mr. McKown. [ECF No. 178 at 2]. As to Ms. Li, Defendant argues that she is not a licensed Florida attorney and that all 3.3 hours billed are for paralegal work, which should be billed at a rate of $100.00 per hour. [*Id.* at 7].

The undersigned finds that Plaintiff's team's rates are reasonable. Indeed, far more significant rates have been awarded in this district. *See e.g.*, *Family First Life, LLC v. Rutstein*, 22-CV-80243-AMC, 2023 WL 5939620, at *3 (S.D. Fla. Aug. 23, 2023), *report and recommendation adopted*, 22-80243-CIV, 2023 WL 5929434 (S.D. Fla. Sept. 12, 2023) (holding that a fee of $775 is reasonable); *Soc. Life Network, Inc. v. Peak One Opportunity Fund, L.P.*, 21-21373-CV, 2023 WL 5053985, at *7 (S.D. Fla. July 20, 2023), *report and recommendation adopted*, 21-CV-21373, 2023 WL 5036606 (S.D. Fla. Aug. 8, 2023) (holding that fees of $700 for a partner and $500 for a senior associate are reasonable); *CITGO Petroleum Corp.*, 2022 WL 17718802, at *4–5 (holding that fees of $850 for a partner and $700 for an associate are reasonable); *Caracol TV, S.A. v. Telemundo TV Studios, LLC*, No. 18-23443-CIV, 2022 WL 17583608 (S.D. Fla. Aug. 4, 2022) (recommending fees of $765 for work by a partner and $415 for an associate); *Global Digit. Solutions, Inc. v. Bolzan*, No. 18-80106-CV, 2021 WL 7630524 (S.D. Fla. Aug. 13, 2021) (reducing requested rates for attorneys from $1,230, $990, $850, and $630 to $820, $660, $567, and $420, respectively).

**B.  The Number of Hours Expended Are Unreasonable**

The Court must also evaluate Plaintiff's requested fees for reasonableness in terms of the total hours expended by counsel. *See Norman*, 836 F.2d at 1303. Mr. Cassidy billed a total of 55.5 hours. [ECF No. 174-1 at 1]. Mr. McKown billed a total 0.2 hours. [*Id.*]. Ms. Li billed a total of 3.3 hours. [*Id.* at 2].

Plaintiff argues that the time entries submitted for the Court's review are directly related to the fees and costs that the Court clarified may be sought in its previous Order on Attorneys' Fees. [*See* ECF Nos. 174-1 at 1; 170 at 5]. Defendant objects to several time entries related to Mr. Cassidy's work in this matter. In summary, it alleges that excessive time was spent outlining, researching, and drafting the Motion to Compel and the Motion to Amend its Trial Witness List; Plaintiff "commingle[d]" time entries—in other words, engaged in block billing; billing for travel related to an in-person hearing is unreasonable and improper; researching and drafting a Motion for Attorneys' Fees is improperly included in the fee request; and billing for partially redacted time entries is improper. [ECF No. 178 at 2–7]. Defendant claims a sum of 42.5 hours billed are improper and unreasonable. [*Id.* at 7].[2] In its Reply, Plaintiff clarifies that it is only seeking fees for the unredacted portions of the bill; that time spent on the Motion to Compel was appropriate given complexity and length of the motion; and that awarding travel costs is proper. [ECF No. 184 at 7–9].

Defendant fails to cite to a single case in its Opposition and provides little to no analysis on the reasonableness of the requested fees. "A fee opponent's failure to explain with specificity the particular hours it views as excessive, redundant, or otherwise unnecessary is generally fatal." *Sanchez v. M&F, LLC*, No. 17-CV-1752, 2020 WL 4671144, at *6 (M.D. Fla. Aug. 12, 2020)

---

[2] Defendant's objection as to Ms. Li relates solely to her hourly rate, which is addressed in the Discussion § I(A) of this Report.

(citing *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387 (11th Cir. 1997)). Nevertheless, the Court reiterates that it is not "authorized to be generous with the money of others . . .." *ACLU*, 168 F.3d at 428. Based on the parties' arguments and the factors outlined in *Johnson*, 488 F.2d at 717–19, the Court finds that a 15% across-the-board cut of hours billed is appropriate.

First, time spent on outlining, researching, and drafting the Motion to Compel is reasonable given the complexity of the discovery disputes and the parties' contentious nature in the action. Similarly, time spent on amending the Trial Witness List is also reasonable as it relates to Defendant's late production of documents, which, of course, relates to the parties' discovery disputes.

Second, time spent traveling for the October 19, 2023, in-person discovery hearing is properly included in the requested fees but should be limited. *See Gilbert v. Am. Standard, Inc.*, No. 506-CV-51 CAR, 2007 WL 1615138, at *1 (M.D. Ga. June 4, 2007) (including attorney's travel time to and from hearings in Rule 37 sanctions award); *Kleiman v. Wright*, No. 18-80176-CV, 2020 WL 1980601, at *6 (S.D. Fla. Mar. 17, 2020) (finding same). Plaintiff's attorney— whose firm has offices in Newport Beach, CA, Coral Gables, FL, and Tampa, FL— billed 10.2 hours of travel to and from Tampa for a case filed in this district. This travel time should be limited. *See Franqui v. Lexington Ins. Co.*, No. 21-CV-23994, 2023 WL 2866387, at *1 (S.D. Fla. Feb. 23, 2023) (finding that travel fees associated with discovery dispute are warranted but should be limited because "Plaintiffs filed this action in the Miami Division and should not be responsible for added travel time due to Defendant's retention of counsel in Deerfield Beach.").

Third, Plaintiff confirmed that it is only seeking fees for unredacted portions of its bills. As such, any concern surrounding the sufficiency of information available to determine whether fees sought for work related to redacted time entries is, in effect, meritless.

Fourth, Plaintiff used block billing on at least a single entry of 3.9 hours. [*See* ECF No. 174-1 at 3]. "B[]lock billing makes judicial review unnecessarily difficult.. . ." *Zachloul v. Fair Debt Collections & Outsourcing*, 8:09-CV-128-T-27MAP, 2010 WL 1730789, at *3 (M.D. Fla. Mar. 19, 2010), *report and recommendation adopted sub nom. Zaghloul v. Fair Debt Collections & Outsourcing*, 8:09CV128-T-27MAP, 2010 WL 1727459 (M.D. Fla. Apr. 27, 2010). Although unfavored by courts, the use of block billing in this instance is negligible given the time billed and the description of the tasks, which relate to the discovery disputes at issue.

Fifth, Plaintiff's request for fees associated with its Motion for Attorneys' Fees (approximately 20 hours) is warranted but should be limited to a reasonable amount of hours. "Rule 37 sanctions award should include expenses reasonably incurred in seeking discovery sanctions." *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1298 (11th Cir. 2010) (citing *In re Stauffer Seeds, Inc.,* 817 F.2d 47, 50 (8th Cir. 1987); *Sanchez v. M&F, LLC*, No. 17-CV-1752, 2020 WL 6106094, at *10 (M.D. Fla. June 17, 2020), *report and recommendation adopted*, 2020 WL 4671144 (M.D. Fla. Aug. 12, 2020) ("Generally, a prevailing plaintiff may recover attorney's fees incurred in establishing her entitlement to fees."); *Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2013 WL 6238647, at *11 (S.D. Fla. Dec. 3, 2013) (Noting that time incurred for preparing a Rule 37 fee request, also known as "fees on fees[,]" is generally compensable).

For these reasons, the undersigned finds that an across-the-board cut of 15% of the time billed is warranted. *See Paguaga v. Pinnacle One Price Dry Cleaning of Davie, LLC*, No. 20-22694-Civ, 2023 U.S. Dist. LEXIS 38072, at *22 (S.D. Fla. Mar. 7, 2023) ("[A]fter taking into consideration the errors previously identified in the billing records, we find that the number of attorney hours be reduced by an additional 15% to reflect a more reasonable amount of time spent properly prosecuting this action."); *Giniewicz v. UR Bath, LLC*, No. 19-CV-61790, 2020 U.S. Dist.

LEXIS 69567, at *9 (S.D. Fla. Apr. 20, 2020) ("Consequently, the undersigned recommends an across-the-board 20% reduction to the total hours incurred to account for counsel's general and inappropriate billing."); *Michael Tran v. Nomad Grp. Ltd. Liab. Co.*, No. 8:20-cv-1945-CEH-SPF, 2022 U.S. Dist. LEXIS 210616, at *20 (M.D. Fla. Nov. 18, 2022) ("Taking together Plaintiff's counsel's excessive hours, their failure to adequately segregate time spent on successful and unsuccessful claims, and their vague billing entries, the undersigned finds a reduction of the number of hours billed by 20% is appropriate."); *Touzout v. Am. Best Car Rental KF Corp.*, 15-61767-CIV, 2017 WL 5957664, at *9 (S.D. Fla. Nov. 30, 2017) (noting a 50% reduction to the hours billed is appropriate based on several factors, including the difficulty of the litigation); *United States of America, State Of Florida, & Ex Rel. Beatriz Morales v. Habana Hospital Pharmacy, Inc., et al*, 17-CV-80871, 2023 WL 5611906, at *13 (S.D. Fla. Aug. 7, 2023), *report and recommendation adopted sub nom. United States v. Habana Hosp. Pharmacy, Inc.*, 17-80871-CIV, 2023 WL 5608004 (S.D. Fla. Aug. 30, 2023) (noting a 70% reduction for errors in time entries and billing for clerical work).

Therefore, based on a review of the billing entries, Plaintiff's counsel can recover **$24,373.75** in fees for work conducted by its team related to Defendant's discovery violations.

## II.  COSTS

In addition to attorney's fees, Plaintiff seeks to recover $572.14 in costs related to the in-person hearing the Court held on October 19, 2023. [ECF No. 174 at 10]. Specifically, the costs include transportation charges and airport parking. [ECF No. 174-1 at 6]. Pursuant to the undersigned's August 8, 2024, Order, Fed. R. Civ. P. 37(a)(1)(A), and the Court's analysis regarding the reasonableness of Plaintiff's requested fees for travel time, costs expended for the same discovery hearing are warranted. Defendant failed to provide a substantive objection, stating

only that the two transportation charges are "unknown." [ECF No. 178 at 7]. Therefore, Plaintiff's counsel can recover **$572.14** in costs related to Defendant's discovery violations.

<u>**CONCLUSION**</u>

For the foregoing reasons, it is **ORDERED** that Plaintiff Blue Chip Alliance, LLC's Plaintiff's Amended Omnibus Motion for Attorneys' Fees Related to Discovery Matters [ECF No. 174] is **GRANTED IN PART** and **DENIED IN PART**. Defendant shall make its payment of **$24,373.75 in attorneys' fees** and **$572.14 in costs** to Plaintiff within 60 days of this Order.

**SIGNED** this 6th day of February 2025.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:   **U.S. District Judge David S. Leibowitz; and**

**All Counsel of Record**