UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:22-cv-61602-LEIBOWITZ/REID

BLUE CHIP ALLIANCE, LLC,

     *Plaintiff,*

v.

CHETU, INC.,

     *Defendant.*

_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion to Strike Defendant's Late Disclosed Rebuttal Expert or in the Alternative *Daubert* Motion to Exclude Testimony of Gaurav Sharma ("Plaintiff's Motion") [ECF No. 191] and Defendant's Motion to Include and Admit Mr. Sharma as Rebuttal Expert Witness ("Defendant's Motion") [ECF No. 192], filed on October 2, 2024. Plaintiff filed a Response in Opposition to Defendant's Motion [ECF No. 199]. Defendant did not file a Response to Plaintiff's Motion. For the reasons stated below, Plaintiff's Motion [ECF No. 191] is **GRANTED**, and Defendant's Motion [ECF No. 192] is **DENIED**.

### I.    Background

Defendant seeks to have Mr. Gaurav Sharma ("Mr. Sharma") serve as a rebuttal expert witness in this case. [ECF No. 192]. Plaintiff seeks to exclude Mr. Sharma on the basis that Defendant's late disclosure of Mr. Sharma violates the Court's Scheduling Order and Rule 26 of the Federal Rules of Civil Procedure. [ECF No. 191 at 2].

### II.    Applicable Legal Standards

Under Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure, a party must disclose expert testimony at the times and in the sequence that the court orders. Fed. R. Civ. P. 26(a)(2)(D). If the

witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, this disclosure must be accompanied by a written report. Fed. R. Civ. P. 26(a)(2)(B). For witnesses who are not required to provide a written report, their disclosure must state the following:

> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2)(C).

### III.    Discussion

On May 3, 2023, the Court granted Defendant's motion to extend the case management deadlines. [ECF No. 45]. The Court made clear that no further extensions would be granted absent extraordinary circumstances. [*Id.* at 2]. The updated deadline for the parties to exchange rebuttal expert witness summaries and reports as required by Fed. R. Civ. P. 26(a)(2) was September 8, 2023. [*Id.* at 1]. On September 8, 2023, the parties filed their trial witness lists. [ECF No. 64; ECF No. 65]. Defendant did not disclose any rebuttal expert witnesses and listed Mr. Sharma as a trial witness. [ECF No. 64]. On September 11, 2023, Defendant file a motion for extension of the discovery cutoff deadline. [ECF No. 67]. The motion said nothing about any issues with expert discovery. The Court denied the motion the same day for failure to show good cause for further extension on the basis that Defendant had not shown it was diligent in pursuing discovery. [ECF No. 68]. On September 21, 2023, Defendant filed an amended trial witness list that now listed Mr. Sharma as a rebuttal expert witness. [ECF No. 75 at 4]. Defendant also provided an outline of what Mr. Sharma was expected to present evidence and testimony on as follows:

Mr. Sharma is expected to present evidence and testimony in rebuttal to Blue Chip Alliance, LLC's disclosed expert named Paul Reimer of eComp Consultants. Mr. Sharma is expected to opine on the following:

2

A. the technology architecture decisions made during the Parties contractual relationship (the "Project").

B. the functionality of the Netspend Application Programmatic Interface ("API") and Paychex API created by Chetu during the Project.

C. the functionality of the Point of Sale ("POS") system created by Chetu during the Parties contractual relationship.

D. the specifications, functionality, and compatibility with APIs of the original POS system created by Blue Chip using JavaFX technology before the Project.

E. the different versions of "technology stacks" and the lack of support for systems built on "legacy" technologies like JavaFX.

F. the choice of programming language, including "C#" and "React Redux" to enable the POS systems to function in "offline mode".

G. the concept of "technical debt" in the software development life cycle.

H. the benefits of using one API endpoint called "syncAPI".

I. whether it's cost-effective to follow the technology decision of a Software Development Kit ("SDK") for API integrations.

J. technology and project management methodologies and best-practices, including "Agile", "Waterfall", and "Hybrid" models as well as concepts such as "regression testing", "test driven development", and "quality assurance".

[ECF No. 75 at 4].

Plaintiff argues that Defendant's amendment of its trial witness list on September 21, 2023, was "in reality, Defendant's surreptitious vehicle to deliver a late disclosed 'rebuttal expert' witness in violation of the Court's deadlines and Rule 26." [ECF No. 191 at 2]. Plaintiff further argues that "[t]his late disclosure is not substantially justified and certainly not harmless[,]" and therefore, "the Court should strike the same under the dictates of Rule 37." [*Id.*]. Plaintiff also notes that the disclosure does not meet the dictates of Rule 26(a)(2)(C), as it provides no summary of the facts and opinions to which the witness is expected to testify and therefore fails to satisfy the requirements of *Daubert.* [*Id.*]. Defendant did not respond to Plaintiff's arguments and only submitted its Motion to include Mr. Sharma as a rebuttal expert.

In Defendant's Motion, Defendant concedes that its disclosure of Mr. Sharma as a rebuttal expert on September 21, 2023 "was indeed untimely[.]" [ECF No. 192 at 2]. Defendant explains that immediately prior to the September 8, 2023, deadline to disclose rebuttal experts, Defendant's previously retained consulting expert advised that he would be unable to serve as an expert, which

forced Defendant to submit its September 8, 2023, witness list without naming a testifying expert. [*Id.*].  Defendant decided that Mr. Sharma, who is a long-time employee of Defendant, was more than capable of serving as a rebuttal expert.  [*Id.*].  Defendant's position is that Mr. Sharma did not need to submit a "written report or summary or other requirements … under Fed. R. Civ. P. 26(a)(2)(B) … because Mr. Sharma was not retained or specially employed to provide expert testimony and his employment duties do not include regularly providing expert testimony[.]"  [*Id.* at 3].  Therefore, Mr. Sharma falls within the scope of Rule 26(a)(2)(C), rather than Rule 26(a)(2)(B), according to Defendant.  Defendant argues that Mr. Sharma complied with Rule 26(a)(2)(C), as the September 21, 2023, disclosure "provided the subject matter Mr. Sharma was expected to testify and the facts and opinions to which he was expected to testify."  [*Id.*].  Defendant argues that there is no material prejudice to Plaintiff by the late disclosure of Mr. Sharma, as it was prior to the September 29, 2023, deadline to complete any expert related discovery, and Plaintiff subsequently deposed Mr. Sharma on two separate occasions.  [*Id.*].

## A. Good Cause

Defendant's late rebuttal expert disclosure effectively seeks to amend the scheduling order, and therefore, Defendant must demonstrate good cause for doing so.  *Larach v. Standard Chartered Bank Int'l (Americas) Ltd.*, No. 09-21178-CIV, 2011 WL 13173550, at *2 (S.D. Fla. May 25, 2011); *see* Fed R. Civ. P. 16(b).  "The 'good cause' requirement focuses on the diligence of the party seeking the Court's leave to amend."  *Perez Ramones v. AR Res., Inc.*, No. 19-62949-CIV, 2021 WL 247999, at *2 (S.D. Fla. Jan. 7, 2021), *aff'd sub nom. Perez Ramones v. Experian Info. Sols., LLC*, No. 19-62949-CIV, 2021 WL 244975 (S.D. Fla. Jan. 25, 2021).  The record in this case does not support a finding of good cause. On September 8, 2023, Defendant knew that its previously retained consulting expert would not be able to serve as an expert, and Defendant did not notify the Court of the issue it was facing or even attempt to seek an extension.  Defendant decided on its own to ignore the Court's Scheduling Order

and simply amend its trial witness list to include Mr. Sharma's late disclosure.  This certainly does not display any diligence by Defendant to seek the Court's leave to amend.  Therefore, the Court finds that Defendant has not demonstrated good cause to support its late disclosure.

### B. Not Substantially Justified or Harmless

Defendant further argues that even if good cause is not shown, "a party may use late disclosed information or witnesses to supply evidence at trial if the failure was either 'substantially justified' or 'harmless.'" [ECF No. 192 at 5].  If a party violates Rules 26(a) or 26(e), Rule 37(c) provides for the exclusion of the expert evidence "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).  The non-disclosing party bears the burden of showing that the failure to comply with Rule 26 was substantially justified or harmless. *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009).  In making this determination, the Court considers four factors: "(1) the importance of the excluded testimony; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Torres v. First Transit, Inc.*, No. 17-cv-81162, 2018 WL 3729553, at *2 (S.D. Fla. Aug. 6, 2018) (citations omitted).  "Prejudice generally occurs when late disclosure deprives the opposing party of a meaningful opportunity to perform discovery and depositions related to the documents or witnesses in question." *Bowe v. Pub. Storage*, 106 F. Supp. 3d 1252, 1260 (S.D. Fla. 2015) (citation omitted).

The Court finds that Defendant violated Rule 26(a)(2)(D) and Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure.  Rule 26(a)(2)(D) requires parties to disclose expert testimony "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).  There is no question that Mr. Sharma was disclosed as a rebuttal expert witness after the September 8, 2023, deadline set by this Court to disclose rebuttal expert reports.  Rule 26(a)(2)(C) provides that for witnesses who are not required to provide a written report, their disclosure must state the following:

(i) the subject matter on which the witness is expected to present evidence under Federal Rule

of Evidence 702, 703, or 705; and

(ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2)(C).

Mr. Sharma is as a witness who does not need to provide a written report because he is not

someone who is "retained or specially employed to provide expert testimony in the case or one whose

duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B).

Therefore, his disclosure only needs to contain the subject matter on which he is expected to present

evidence and a summary of the facts and opinions to which he is expected to testify. Mr. Sharma's

disclosure in the September 21, 2023, amended trial witness list contains the subject matter on which

he is expected to present evidence, but it does not contain a summary of the facts and opinions to

which he is expected to testify in violation of Rule 26(a)(2)(C).

Plaintiff correctly notes that "there is not a **single opinion** set forth in the Defendant's belated

rebuttal expert disclosure. Instead, Defendant merely provides **topics** without even the first *opinion*

being provided, let alone summary of the same as required under Rule 26." [ECF No. 191 at 5].

Therefore, because Defendant has clearly violated Rule 26(a)(2)(C) and Rule 26(a)(2)(D) of the Federal

Rules of Civil Procedure, the Court must consider whether Defendant's failure to comply with Rule

26(a)(2)(C) and Rule 26(a)(2)(D) was substantially justified or harmless.

In considering the aforementioned factors, the Court finds that Defendant's failure to comply

with Rule 26(a)(2)(C) and Rule 26(a)(2)(D) was <u>not</u> substantially justified or harmless. Even if Mr.

Sharma's testimony is important (as Defendant argues [ECF No. 192 at 7]), Defendant has not

provided a sufficient explanation for its failure to comply with Rule 26(a). Defendant did not attempt

to seek an extension or notify the Court when its first rebuttal expert fell through, and Defendant also

has not explained why Mr. Sharma has still not provided a summary of the facts and opinions to which

he is expected to testify.  Defendant simply takes the position that it complied with Rule 26 by disclosing "the subject matter Mr. Sharma was expected to testify and the facts and opinions to which he was expected to testify." [ECF No. 192 at 3].  As previously mentioned, Defendant did not submit a response to Plaintiff's Motion to provide a further explanation for its failure to comply with Rule 26(a)(2)(C).  Allowing Mr. Sharma's testimony in when the parties are four months away from trial would clearly prejudice Plaintiff.  Even though Plaintiff previously deposed Mr. Sharma, it was not in his capacity as a rebuttal expert because Plaintiff was never provided a summary of his opinions.  With only four months until trial, there is not sufficient time to cure this prejudice, and the Court will not push back trial again on account of Defendant's actions.   Because Defendant has not established that its failure to comply with Rule 26(a) was substantially justified or harmless, the Court excludes Mr. Sharma as a rebuttal expert witness under Rule 37(c).

## IV.      Conclusion

It is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion [**ECF No. 191**] is **GRANTED**, and Defendant's Motion [**ECF No. 192**] is **DENIED**.  Mr. Sharma may not testify as a rebuttal expert witness.

**DONE AND ORDERED** in the Southern District of Florida this February 12, 2025.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:      counsel of record