UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:22-cv-61602-LEIBOWITZ/REID

**BLUE CHIP ALLIANCE, LLC**,

    *Plaintiff,*

v.

**CHETU, INC.**,

    *Defendant.*

_____/

**ORDER**

**THIS CAUSE** comes before the Court on Defendant Chetu, Inc.'s ("Defendant" or "Chetu") Motion for Judicial Notice (the "Motion") [ECF No. 244], filed on February 10, 2025. Plaintiff Blue Chip Alliance, LLC ("Plaintiff" or "Blue Chip") filed a response (the "Response") [ECF No. 247], and Defendant filed a reply (the "Reply") [ECF No. 251]. Upon due consideration, the Motion is granted in part and denied in part.

Rule 201(b) of the Federal Rules of Evidence allows a court to take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). This includes "public records within its files relating to the particular case before it or other related cases." *Cash Inn of Dade, Inc. v. Metro. Dade Cty.*, 938 F.2d 1239, 1243 (11th Cir. 1991). Additionally, the Court may take judicial notice of documents filed in another court, not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings. *See United States v. Jones*, 29 F.3d 1549, 1553

(11th Cir. 1994).  Pursuant to Rule 201(c)(2), the Court "must take judicial notice if a party requests it and the court is supplied with the necessary information."

Defendant asks the Court to take judicial notice of two orders entered by the Broward County Circuit Court and Broward County Court in the following matters: (1) *Chetu, Inc. v. K.O. Gaming, Inc.*, CACE-15-016693 (08) and (2) *Chetu v. Banor Assocs., LLC*, COCE-20-008780 (55).  [ECF No. 244 at 2].  Defendant requests that the Court take judicial notice of:

> all adjudicated facts, including those set forth in Court orders and judgments, in the above referenced matters and permit Chetu to present evidence same for any purpose that evidence of prior litigation is permitted to be presented by Blue Chip during trial, including without limitation to rebut evidence of prior litigation presented for the purpose of proving motive, intent, knowledge, preparation, and/or pattern/routine practice.

[*Id.*].  Plaintiff does not object to the Court taking judicial notice of the order in *Chetu v. Banor Assocs., LLC*, COCE-20-008780 (55) on the same terms as the Court previously granted Blue Chip's Motion for Judicial Notice [ECF No. 234]; however, Plaintiff objects to the Court taking judicial notice of the order in *Chetu, Inc. v. K.O. Gaming, Inc.*, CACE-15-016693 (08), which the Court will consider separately. Because Plaintiff does not object to the Court taking judicial notice of the order in *Chetu v. Banor Assocs., LLC*, COCE-20-008780 (55), the Court will take judicial notice of the order, not for the truth of any of the matters asserted in those proceedings, but rather to establish the fact of such litigation. The weight, if any, to be given to the order will be determined by the Court at the bench trial.  Thus, Defendant's request for the Court to take judicial notice of the order in *Chetu v. Banor Assocs., LLC*, COCE-20-008780 (55) only to establish the fact of such litigation is GRANTED.

As for the order in *Chetu, Inc. v. K.O. Gaming, Inc.*, CACE-15-016693 (08), the Court will not take judicial notice of that order for the following reasons.  Plaintiff notes that this case originated in 2015 and that final judgment was entered in January 2020.  [ECF No. 247 at 2].  Plaintiff argues that there is no logical relevance to this filing to the case at bar and that Chetu previously argued that such an older case has no relevance to this matter and successful persuaded the Court to limit its disclosure

of such cases to those resolving after March 2020. [*Id.*]. The Court agrees with Plaintiff. When Blue Chip requested responsive documents concerning other cases in which Chetu was sued for similar alleged violations of law as those asserted by Blue Chip in this action, Chetu objected to the request, and a Motion to Compel Hearing was held before Magistrate Judge Reid where Chetu argued that if the Court were to allow any of such disclosures, they should be limited to cases resolved after March 2020. [*Id.* at 4–6]. Magistrate Judge Reid accepted Chetu's argument and limited the disclosure of cases to after March 2020. [*Id.* at 6]. Chetu's counsel clearly understood this ruling when he wrote in an email to Blue Chip's counsel that "Judge Reid ruled that the pertinent time period for the lawsuit list to be produced was between March 2020 and the present[.]" [ECF No. 247-3 at 2]. Now Chetu seeks to have the Court take judicial notice of an order in a lawsuit that Chetu fought so hard to keep out. Chetu is judicially estopped from making that argument.

   The doctrine of judicial estoppel applies when "a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). The purpose of judicial estoppel is to prevent a party from using an argument in one phase of a case and then relying upon a contradictory argument to prevail in another phase. *Pegram v. Herdrich*, 530 U.S. 211, 227 n.8 (2000). Here, all of the elements for judicial estoppel apply. Chetu assumed a legal position—Chetu objected to the disclosure of previous cases, especially those prior to March 2020. Chetu succeeded in that position—Chetu convinced Magistrate Judge Reid to limit the disclosure of cases to after March 2020. Chetu now has assumed a contrary position for its own benefit—arguing that the Court should take judicial notice of a case from 2015 with a final judgment in January 2020. Chetu's new position greatly prejudices Plaintiff—the parties have engaged in significant discovery and litigation and are now only a few months away from trial. Chetu may not

3

now argue that a case from 2015 should now be introduced at trial. Thus, the Court will not take judicial notice of the order in *Chetu, Inc. v. K.O. Gaming, Inc.*, CACE-15-016693 (08), and Chetu's request as such is DENIED.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Motion [**ECF No. 244**] is **GRANTED IN PART AND DENIED IN PART**.

**DONE AND ORDERED** in the Southern District of Florida on March 31, 2025.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record