UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:22-cv-61602-LEIBOWITZ/REID

**BLUE CHIP ALLIANCE, LLC**,

    *Plaintiff,*

v.

**CHETU, INC.**,

    *Defendant.*

_____/

## ORDER

Before the Court is Plaintiff Blue Chip Alliance, LLC's ("Plaintiff" or "Blue Chip") Motion to Strike and Exclude Prem Khatri from Chetu's Trial Witness List (the "Motion") [ECF No. 245], filed on February 10, 2025. Defendant Chetu, Inc. ("Defendant" or "Chetu") filed a Response in Opposition to the Motion (the "Response") [ECF No. 249], and Plaintiff filed a Reply in Support of the Motion (the "Reply") [ECF No. 252]. For the reasons stated below, the Motion [ECF No. 245] is **GRANTED**.

**I.    Background**

Plaintiff seeks to preclude Defendant from including its untimely disclosed witness Mr. Prem Khatri ("Mr. Khatri") from Defendant's Trial Witness List and/or otherwise giving testimony at trial or any other proceeding in this matter. [ECF No. 245 at 1].

**II.   Applicable Legal Standards**

Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure states:

> [A] party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]

Fed. R. Civ. P. 26(a)(1)(A)(i).

Rule 26(e)(1)(A) of the Federal Rules of Civil Procedure provides:

A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]

Fed. R. Civ. P. 26(e)(1)(A).

Rule 37(c)(1) of the Federal Rules of Civil Procedures states:

If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1).

**III.   Discussion**

On August 26, 2022, Plaintiff brought this action against Defendant. [ECF No. 1]. On September 29, 2023, fact discovery closed in this case. [ECF No. 45 at 2]. Defendant discovered Mr. Khatri's involvement in the Blue Chip project prior to the production of emails relating to the elite technical counsel in October 2023. [ECF No. 249 at 4]. On October 22, 2024, Defendant for the first time added Mr. Khatri to its Trial Witness List when trial was set to begin in December 2024. [ECF No. 208-2 at 2].

Plaintiff argues that pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure, the Court should exclude Mr. Khatri as a witness and his testimony from trial because Defendant's failure to disclose him as a witness was neither substantially justified nor harmless. [ECF No. 245 at 2]. Defendant argues that the Court should exercise its discretion to overlook the untimeliness issue and grant Defendant permission to use Mr. Khatri as a trial witness because Mr. Khatri's late disclosure was harmless. [ECF No. 249 at 2–4].

Rule 26(a)(1)(A)(i) and Rule 26(e)(1)(A) of the Federal Rules of Civil Procedure guide the Court's analysis here.  Rule 26(a)(1)(A)(i) states:

> [A] party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]

Fed. R. Civ. P. 26(a)(1)(A)(i).

Rule 26(e)(1)(A) provides:

> A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]

Fed. R. Civ. P. 26(e)(1)(A).

Mr. Khatri is an employee of Defendant.  He should have been disclosed as a witness at the beginning of this case in Defendant's initial disclosures pursuant to Rule 26(a)(1)(A)(i).  If not then, Mr. Khatri should have been disclosed in October 2023 after Defendant discovered Mr. Khatri's involvement in the BlueChip project pursuant to Rule 26(e)(1)(A).  This Court finds that Defendant violated Rule 26(a)(1)(A)(i) and Rule 26(e)(1)(A) of the Federal Rules of Civil Procedure by its late disclosure of Mr. Khatri.

If a party violates Rules 26(a) or 26(e), Rule 37(c) provides for the exclusion of the expert evidence "unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  The non-disclosing party bears the burden of showing that the failure to comply with Rule 26 was substantially justified or harmless.  *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009).  In making this determination, the Court considers four factors: "(1) the importance of the excluded testimony; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the testimony; and (4) the availability of a

continuance to cure such prejudice." *Torres v. First Transit, Inc.*, No. 17-cv-81162, 2018 WL 3729553, at *2 (S.D. Fla. Aug. 6, 2018) (citations omitted). "Prejudice generally occurs when late disclosure deprives the opposing party of a meaningful opportunity to perform discovery and depositions related to the documents or witnesses in question." *Bowe v. Pub. Storage*, 106 F. Supp. 3d 1252, 1260 (S.D. Fla. 2015) (citation omitted).

In considering the aforementioned factors, the Court finds that Defendant's failure to comply with Rule 26(a)(1)(A)(i) and Rule 26(e)(1)(A) was <u>not</u> substantially justified or harmless. Even if Mr. Khatri's testimony is important (as Defendant argues [ECF No. 249 at 4]), Defendant has not provided a sufficient explanation for its failure to comply with Rule 26(a) and Rule 26(e). Defendant discovered Mr. Khatri's involvement in the Blue Chip project in October 2023 but waited until October 2024 to disclose Mr. Khatri as a witness—with no explanation to the Court for its one-year delay. Allowing Mr. Khatri's testimony in when the parties are two months away from trial would clearly prejudice Plaintiff, and there is not sufficient time to cure this prejudice nor will the Court push back trial again on account of Defendant's actions. Because Defendant has not established that its failure to comply with Rule 26(a) and Rule 26(e) was substantially justified or harmless, the Court excludes Mr. Khatri as a trial witness under Rule 37(c).

## IV.     Conclusion

It is hereby **ORDERED AND ADJUDGED** that the Motion [**ECF No. 245**] is **GRANTED**. Mr. Khatri may not testify at trial.

**DONE AND ORDERED** in the Southern District of Florida on April 2, 2025.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:     counsel of record