**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:22-cv-61602-LEIBOWITZ/REID**

**BLUE CHIP ALLIANCE, LLC**,

    *Plaintiff,*

v.

**CHETU, INC.**,

    *Defendant.*

_____/

**ORDER**

The Court held a calendar call on April 16, 2025, at which counsel for Plaintiff and Defendant appeared. [*See* ECF No. 257]. The Court made rulings at the April 16, 2025, calendar call, which are memorialized in this Order. To the extent the Court made additional or more detailed rulings on the record that are not memorialized in this written Order, those rulings are binding on the parties as set forth on the record.

    **I.  Motions in Limine**

The Court made rulings on the following motions: Chetu's Omnibus Motion in Limine ("Chetu's Motion") [ECF No. 205] and Blue Chip's Motion in Limine ("Blue Chip's Motion") [ECF No. 209].

At the hearing, the Court DENIED Chetu's Motion [ECF No. 205] and deferred ruling on the issues raised in Chetu's Motion until trial.

Also at the hearing as to Blue Chip's Motion [ECF No. 209], the Court DENIED and deferred ruling on Blue Chip's request to exclude from trial Chetu's attempts to relitigate the adjudicated breach of contract claim and any associated affirmative defenses.

Also at the hearing, the Court stated that it would issue a written order on Blue Chip's request to exclude the testimony of Atma Ram Tripathi ("Mr. Tripathi") who was not made available for deposition by November 30, 2023, as ordered by the Court. For the following reasons, Blue Chip's request to exclude the testimony of Mr. Tripathi is GRANTED. On October 2, 2023, Judge Reid ordered the following regarding Mr. Tripathi's deposition:

> It shall be the sole burden of Chetu to seek updates on availability from Mr. Tripathi and to notify Blue Chip of the same within twenty-four (24) hours of receiving an available date for his deposition; Absent extraordinary circumstances, which Mr. Tripathi must personally show, the deposition shall take place on or before November 30, 2023. Unless the parties agree in writing to the contrary, Blue Chip shall be provided at least seven days' notice prior to the deposition being taken on the agreed date.

[ECF No. 81 at 1]. Blue Chip reached out to Chetu on November 22, 2023, to discuss Mr. Tripathi's deposition as Blue Chip had not received any updates on Mr. Tripathi's deposition date prior to that date. [ECF No. 216-2 at 3]. Judge Reid made clear the burden was on Chetu to seek updates regarding Mr. Tripathi's availability and then to notify Blue Chip. [ECF No. 81 at 1]. It is clear to the Court that Chetu did not meet its burden. Judge Reid ordered the deposition to be completed by November 30, 2023 on October 2, 2023, and there is no explanation from Chetu why it waited so long to coordinate the deposition only for Blue Chip to have follow up. Chetu was not diligent in its efforts to schedule Mr. Tripathi's deposition, and thus, Mr. Tripathi's testimony will be excluded from trial.

## II. Claims Going to Trial

At the April 16, 2025 calendar call, the Court also stated that it would clarify the remaining claims that are proceeding to trial. After reviewing the record, Count III for fraud in the inducement is proceeding to trial, and three remaining theories in Count IV for violations of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), as stated further below.

On September 20, 2024, the Court affirmed and adopted Judge Reid's R&R on the parties' motions for summary judgment. [ECF No. 189]. The Court's September 20, 2024, Order stated the following:

> Chetu's Motion for Summary Judgment [ECF No. 101] on **Count IV** of Blue Chip's Second Amended Complaint is **GRANTED** on Blue Chip's theory that Chetu falsely represented that it dedicates an entire team of qualified professionals to each project; and **DENIED** on the theory that Chetu aggressively enforces the SLAPP Clause. Alternatively, for the reasons stated in the R&R and this Order, the SLAPP Clause enforcement theory was previously dismissed by the Court without leave to refile. Blue Chip's Motion for Summary Judgment [ECF No. 103] on **Count IV** of Blue Chip's Second Amended Complaint is **DENIED**. However, for the reasons stated in the R&R and this Order, Blue Chip's theory that Chetu aggressively enforces the SLAPP Clause was previously dismissed by the Court without leave to refile.

[*Id.* at 9–10]. Blue Chip's Second Amended Complaint asserts the following theories in the FDUTPA claim:

> 82. In numerous instances, in connection with the advertising, marketing, promotion, offering for sale, or sale of their software development services, Chetu represented, directly or indirectly, expressly or by implication, that it has the skill, experience, expertise, and employees who could perform the development services sought by a customer. Chetu further represented, directly or indirectly, expressly or by implication, that it dedicates an entire team of qualified persons to each project for an aggregate price of $25/hour. Chetu further represented, directly or indirectly, expressly or by implication, that it was making regular progress on its development of the software applications as reflected in detail in each of the regular "progress" reports.
>
> 83. In truth and in fact, in numerous instances in which Chetu and its employees have made the representations set forth above, Chetu do not have the employees it claimed and, despite its representations to the contrary, Chetu hired foreign contractors to provide the very services it claims were performed by its U.S.-based employees. In addition, there was no dedicated team assigned to Blue Chip's project nor was Chetu making the progress it repeatedly claimed.
>
> 84. Indeed, Chetu's entire business model is to induce customers into a monthly development fee and then to drag out the development process indefinitely in order to churn fees without delivering the product promised on the timeline promised. Moreover, Chetu aggressively enforces the SLAPP Clause in order to not only suppress its defrauded customers from exercising their free speech rights, but also to prevent unsuspecting potential customers, including Blue Chip, from discovering Chetu's fraudulent and deceptive business practices as part of their due diligence efforts.

[ECF No. 86 ¶¶ 82–84]. Thus, given the theories stated in the Second Amended Complaint and this Court's September 20, 2024, Order, the following theories remain for trial in the FDUTPA claim:

(1) Blue Chip's theory that in numerous instances, in connection with the advertising, marketing, promotion, offering for sale, or sale of their software development services, Chetu represented, directly or indirectly, expressly or by implication, that it has the skill, experience, expertise, and employees who could perform the development services sought by a customer.

(2) Blue Chip's theory that Chetu further represented, directly or indirectly, expressly or by implication, that it was making regular progress on its development of the software applications as reflected in detail in each of the regular "progress" reports.

(3) Blue Chip's theory that Chetu's entire business model is to induce customers into a monthly development fee and then to drag out the development process indefinitely in order to churn fees without delivering the product promised on the timeline promise.

For the foregoing reasons, it is hereby **ORDERED** as follows:

1. Chetu's Omnibus Motion in Limine [**ECF No. 205**] is **DENIED**. The Court defers ruling on these issues until trial.

2. Blue Chip's Motion in Limine [**ECF No. 209**] is **GRANTED IN PART and DENIED IN PART**. The Court denies and defers ruling until trial on Blue Chip's request to exclude from trial Chetu's attempts to re-litigate adjudicated breach of contract claim and any associated affirmative defenses. The Court grants Blue Chip's request to exclude the testimony of Mr. Tripathi at trial.

3. Within seven (7) days from the date of this Order, the parties shall submit their final witness lists and final exhibit lists for trial electronically on the docket. Within ten (10) days from the date of this Order, the parties shall each deliver to chambers two copies of the final exhibits for trial.

4. The first day of trial will begin on **Friday, June 6, 2025, at 9:00 a.m.** in Courtroom 202A, United States Federal Building and Courthouse, 299 E. Broward Boulevard, Fort

<u>Lauderdale, Florida 33301.</u>  Any subsequent trial days will be on the remaining Fridays in June.

**DONE AND ORDERED** in the Southern District of Florida on April 18, 2025.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:   counsel of record